(30 Misc. Rep. 665.)

PEOPLE ex rel. SICILIAN ASPHALT CO. v. FEITNER et al., Tax Com'rs.

(Supreme Court, Special Term, New York County. March, 1900.)

1. TAXATION—ERRONEOUS ASSESSMENT.

    The statement of the secretary of a corporation to the board of commissioners showed that its capital stock was $250,000; that the gross assets were $421,051.19, the personal property amounting to $311,051.19; that the assessed value of the real estate was $50,000; that the amount invested in stock of other companies was $66,106.46; that the debts of the company amounted to $323,156.59; and that a dividend of $5,000 had just been declared out of $35,089.20, which was cash in bank, and included in the aggregate of personal property. The commissioners assumed that the capital was unimpaired, and that the company had assets in excess of its capital sufficient to pay its debts, disregarded the debts, and deducted from its capital stock the assessed value of the realty and the investments in stock of other companies, and fixed the assessment at $133,894. *Held* erroneous.

2. SAME.

    A secretary of a corporation, in filing a statement with the board of commissioners as to the value of its property, failed to answer the questions: "Amount of surplus earnings," and "Rate of dividend for last year, or last annual dividend." On examination of such secretary by the corporation counsel it appeared that there were no surplus earnings, as the debts of the company were in excess of the assets, although on their earnings designated as personal property or cash in bank a dividend of 2 per cent. had been declared. *Held* that, although such questions were not answered in the statement, the commissioners had no right to assume the concealment of facts, that the capital was unimpaired, and that the company had taxable assets in excess of its debts, since such omission was explained by the examination, with opportunity for further information.

    Certiorari by the Sicilian Asphalt Company against Thomas L. Feitner and others to review an action of the board of commissioners of taxes. Assessment vacated.

    Fettretch, Silkman & Seybel, for relator.
    John Whalen, Corp. Counsel, for respondents.

    FREEDMAN, J. This is a writ of certiorari brought under the general tax law to review the assessment for the year 1899 made against the personal property of the relator, a domestic corporation. On the second Monday of 1899 the deputy tax commissioner assessed the relator at a valuation of $250,000. Within the time limited by statute, the relator filed with the commissioners a statement made upon oath showing its condition for the purposes of taxation. That statement showed that the gross assets amounted to the sum of $421,051.19, that the assessed value of the real estate was the sum of $50,000, and that the amounts invested in stocks of other companies which are taxed upon their capital was the sum of $66,106.46. The amount of indebtedness, aside from bonds given for the maintenance of pavements in certain cities, was the sum of $323,156.59. Subsequently the secretary of the company was examined under oath by the assistant corporation counsel, and testified in detail to the several items of personal property owned by the corporation, which amounted to the sum of $311,051.19. He also testified that in January, 1899, the company declared a dividend

of 2 per cent., although he stated that there had been no surplus profits nor surplus earnings, and that the said dividend amounting to the sum of $5,000 had been paid out of the sum of $35,089.20, which was earnings, and which had formed one of the items composing the aggregate amount of personal property, and designated therein as "cash in bank." Thereupon, and upon that statement alone, the tax commissioners determined as matter of fact that the relator's capital was unimpaired, and assumed as a matter of law that the relator had assets in excess of its capital sufficient to pay its debts, and they therefore "disregarded the debts" of the company, and fixed the assessment at the sum of $133,894, arriving at that sum by deducting from the amount of the relator's capital stock of $250,000 the assessed value of its real estate of $50,000, and stocks of other companies of $66,106. In this the respondents erred. The testimony of the secretary of the company was clear, full, explicit, and uncontradicted as to what the debts of the corporation consisted of, giving the different items of which they were composed; and, after being carefully and fully examined upon that subject by the assistant corporation counsel, it was established that those debts amounted to the sum of $323,156.59, excluding thereform the bonds given by the company for the maintenance of pavements in cities, and under which bonds they were contingently liable. The respondents claim that the fact that the company paid a dividend, and that the secretary testified that there was a surplus of $5,000, was sufficient to authorize them to "assume that its capital was unimpaired, and that it had assets in excess of its capital sufficient to satisfy its debts," notwithstanding that its statement under oath and the unimpeached testimony of its secretary upon oral examination showed that its debts and liabilities were largely in excess of its taxable property. But the testimony of the secretary, when read as a whole, and not by selection of particular portions of it, does not sustain the contention of the respondents. It is true that he testified that the company had made a dividend, and said, in answer to a question put by the corporation counsel, that the company had paid such dividend from a "surplus" of $5,000, "if," he said, "you want to put it that way"; but he had previously explained that this dividend had been taken from the cash in bank, or earnings, but not "surplus earnings," for he said there had been no "surplus earnings"; and, his testimony establishing the amount of the debts being uncontradicted, and showing them clearly and conclusively to be in excess of the taxable property, the commissioners had no right to "disregard" the debts, and base their assessment upon mere assumption. That the company may be criticised for having made a dividend out of earnings instead of paying its liabilities does not alter the facts, nor give the commissioners authority to arbitrarily refuse to grant the relator the relief it has shown itself to be entitled to, and for which it has asked, based, as it is, upon uncontradicted and unimpeached testimony. Two questions contained in the statement furnished the commissioners by the company were unanswered, to wit, "Amount of surplus earnings," "Rate of dividend for last year, or last annual dividend." Respondents' counsel claims that the

failure to answer those questions was a concealment of the facts called for, and contends that the testimony of the secretary of the company taken upon the oral examination disclosed that there were "surplus earnings" and a dividend made, and that the commissioners, therefore, had a right to doubt the statement filed, and rely upon the presumption arising from the fact that a dividend was made, to show an unimpaired capital, and an amount of assets equal or in excess of liabilities. The answer to that is that, as before stated, the proof is that there were no "surplus earnings," and also as to how and from what source the dividend was made, and as to why the fact that a dividend was made did not appear in the statement was not shown nor inquired about, although the corporation counsel had ample opportunity to have ascertained from the examination of the secretary if he deemed such omission was made in bad faith, and for the purpose of misleading the commissioners. In the cases of People ex rel. Edison General Electric Co. v. Barker, 141 N. Y. 255, 36 N. E. 196, People ex rel. Edison Electric Illuminating Co. v. Barker, 139 N. Y. 61, 34 N. E. 722, and People ex rel. Brokaw Bros. v. Feitner (Sup.) 60 N. Y. Supp. 687, dividends had been made under quite similar circumstances as in the case at bar, and in the latter case the court said:

"As was said by the court of appeals in People ex rel. Edison General Electric Co. v. Barker, 141 N. Y. 255, 36 N. E. 196, these suggestions serve to show that the duty of the tax commissioners is not to subordinate facts fairly disclosed and uncontradicted to the influence of presumptions amounting to little more than a mere guess or possibility. * * * They were not justified in assuming that the treasurer, for the purpose of evading taxation, had falsely underestimated the assets because of a recent dividend, the declaration of which did not necessarily involve the fact of an unimpaired capital."

Upon the entire proof it is undisputed that the relator's debts exceed its taxable assets, and as a matter of law the commissioners did not correctly determine the facts before them, and the relator is, therefore, entitled to an order or judgment setting aside and vacating the assessment complained of.

Judgment accordingly.